UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brian Lieske,

Plaintiff,

v.

Morrie's Brooklyn Park Daewoo
and Todd Perri,

Defendants.

Civil No. 00-2658 JMR/FLN

**ORDER**

---

Thomas J. Lyons, Jr., Esq., for Plaintiff.
Karen Melling Van Vliet, Esq., for Defendants.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on January 7, 2002, on Plaintiff's Motion to Amend Complaint to Add Claim for Punitive Damages [#8].

## I. FACTUAL BACKGROUND

This action arises from Plaintiff Lieske's ("Lieske") purchase of a vehicle from Defendant Morrie's Brooklyn Park Daewoo ("Morrie's") through Defendant Todd Perri ("Perri"). As part of the down payment on the vehicle, Lieske gave defendant two post-dated checks totaling $500.00 from Courtney Gobel, Lieske's girlfriend. The checks were to be held until Lieske could pay Morrie's the amounts on specified dates. Lieske failed to remit the cash and Perri began collection efforts on behalf of Morrie's.

On two occasions, Perri called Lieske's work place and left detailed messages with the receptionists Tracey Edick and Gina Menken. Specifically, Perri informed the receptionist that Lieske had bounced two checks, and threatened to send the police to Lieske's workplace to arrest

FILED FEB 5 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

him the next day for stolen checks. Subsequently, Perri went to Lieske's workplace and attempted to collect the money in person. Lieske contends that during this confrontation, Perri assaulted him.

## II. DISCUSSION

### A. Standard of Review

In the Federal Courts of this District, the pleading of a punitive damage claim, under causes of action premised upon the laws of the state of Minnesota, must generally conform to the requisites of Minn. Stat. §§ 549.191 and 549.20. See Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1256 (8th Cir. 1994); Olson v. Snap Prod., Inc., 29 F. Supp.2d 1027, 1034 (D.Minn. 1998). Under Minn. Stat. § 549.191, plaintiffs seeking to assert a punitive damage claim must first obtain the leave of the Court to do so, based upon a *prima facie* showing of entitlement. See Olson, 29 F. Supp.2d at 1034. "The plaintiff is not required to demonstrate an entitlement to punitive damages per se, but only an entitlement to allege such damages." See Hammond v. Northland Counseling Center, Inc., No. CIV.5-96-353, 1998 WL315333 at *7 (D.Minn. Feb. 27, 1998).

If the Court finds "*prima facie* evidence in support of the motion, the [C]ourt shall grant the moving party permission to amend the pleadings to claim punitive damages." Minn. Stat. § 549.191. *Prima facie* evidence is that evidence which, if unrebutted, would support a judgment in that party's favor. See Olson, 29 F. Supp.2d at 1034. Under the strictures of Minn. Stat. § 549.191, the Court reviews the evidence in support of a Motion to Amend as the Court would review a Motion for Entry of Judgment as a Matter of Law. Id.; see also Federal Rules of Civil Procedure 50(a). "Thus, in reaching such a determination, the Court makes no credibility rulings, nor does the Court consider

any challenge, by cross-examination or otherwise, to the Plaintiff's proof." See Olson, 29 F. Supp.2d at 1034.

In evaluating the existence of a *prima facie* showing for the assertion of a claim for punitive damages, the Court must recognize that punitive damages are intended to punish a defendant, or to make an example of a defendant's wrongdoing, and not to compensate the plaintiff who has already been compensated. Id. at 1035. As a consequence, punitive damages may only be awarded when a defendant's conduct reaches a threshold level of culpability. Id. Accordingly, "[a] mere showing of negligence is not sufficient; instead, the conduct must be done with malicious, willful, or reckless disregard for the rights of others." See Olson, 29 F. Supp.2d at 1035 (citations omitted).

Minn. Stat. § 549.20 (1)(a) provides that "[p]unitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." The term "deliberate disregard" is comprehensively defined in the statute, as follows:

> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:
>
> (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or
>
> (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minn. Stat. § 549.20 (1)(b). "Where the evidence is sufficient to permit the Jury to conclude that it is 'highly probable' that the defendant acted with deliberate disregard to the rights or safety of others, the 'clear and convincing' standard is satisfied." See Olson, 29 F. Supp.2d at 1035-36. Ultimately, when presented with a motion for leave to assert a punitive damage claim, the Court

must do more than "rubber stamp" the allegations in the motion papers. Id. at 1036 (citations omitted). The Court must independently ascertain whether there exists *prima facie* evidence that the defendant acted with a deliberate disregard of the rights or safety of others.

**B. Legal Analysis**

Lieske contends that he should be allowed to amend his Complaint to add punitive damages against Perri individually because he deliberately exposed Lieske's private financial life to Lieske's co-workers. Here, the record evidence constituting Lieske's *prima facie* case would amply support a conclusion of defamation *per se*. Punitive damages are available to a plaintiff who makes a showing of defamation *per se*, without regard to whether he can show actual damages; See Loftsgaarden v. Reiling, 267 Minn 181 (1964). The record evidence reveals that Perri told the receptionist he could have Lieske arrested by the police if he didn't make good on the checks. The receptionist was left with the impression that Lieske was a criminal. Assuming, as we must, the truth of the allegations, this Court concludes that Lieske has made a prima facie showing of clear and convincing evidence that Perri acted in deliberate disregard of Lieske's rights when he made the allegedly defamatory statements.

Lieske also seeks to amend the Complaint to add a claim for punitive damages against Morrie's under the theory of *respondeat superior*. Punitive Damages are appropriate upon a showing of clear and convincing evidence that a defendant acted with deliberate disregard for the rights of the Plaintiff. See Minn. Stat. § 549.191. The existence of reckless disregard must be proved with respect to each defendant. See Cantrell v. Forest City Publishing Co., 419 U.S. 245 (1974). The Supreme Court permits reckless disregard to be imputed on a theory of respondeat

superior. Id. Additionally, the record evidence also shows that a reasonable Jury could conclude that Perri's conduct in making the phone calls and visiting Lieske's place of employment was approved and/or ratified by his employer, Morrie's. To the extent Perri's specific words or actions were not approved or ratified, he was acting with the managerial authority he had been given by his employer to establish policy and was thus acting within the scope of his employment.

In light of the above, this Court concludes that Lieske has made a prima facie showing that Morrie's, through its agent Perri, also acted in deliberate disregard of Lieske's rights. Consequently, the Motion to amend the Complaint to include Punitive Damages will be granted.

## III. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint to Add Claim for Punitive Damages [#8] is **GRANTED**.

DATED: Feb. 4, 2002

FRANKLIN L. NOEL
Chief Magistrate Judge