UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
00-CV-2658 (JEL/FLN)

| | |
|---|---|
| Brian Lieske,<br><br>Plaintiff,<br><br>vs.<br><br>Morrie's Brooklyn Park Daewoo, d/b/a Morrie's Brooklyn Park Used Car & Truck Center, and Todd Perry, individually,<br><br>Defendants. | ORDER |

This matter comes before the Court on the April 17, 2002, Report and Recommendation of the Honorable Franklin L. Noel, United States Magistrate Judge. The Magistrate recommended that Defendants' motion for partial summary judgment be denied with respect to Plaintiff's claims for invasion of privacy—intrusion upon seclusion, defamation, and assault, and recommended that Defendants' motion be granted with respect to Plaintiff's claim for invasion of privacy—publication of private facts.

Defendants filed timely objections to the Report and Recommendation pursuant to D. Minn. R. 72.1(c)(2). Defendants object to the Magistrate's recommendation to deny their motion for summary judgment with respect to Plaintiff's claims for invasion of privacy—intrusion upon seclusion and defamation.

The Court has considered the parties' arguments and has conducted a de novo review of the record. The Court adopts the Report and Recommendation as it relates to Plaintiff's claims for invasion of privacy—publication of private facts, defamation, and assault. However, for the reasons



AUG 3 0 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

outlined in the attached Memorandum of Law, which is hereby incorporated by reference, the Court declines to adopt the Report and Recommendation as it relates to Plaintiff's claim for invasion of privacy—intrusion upon seclusion. Therefore, IT IS ORDERED THAT:

1. Defendants' motion for partial summary judgment as to the claims for defamation (Count II) and assault (Count IV) is DENIED [Docket No. 11].

2. Defendants' motion for partial summary judgment as to the claims for invasion of privacy—intrusion upon seclusion (Count I) and invasion of privacy—publication of private facts (Count I) is GRANTED [Docket No. 11].

Dated: August 30, 2002

JOAN E. LANCASTER
United States District Judge

**MEMORANDUM OF LAW**

BACKGROUND

This is an action by Brian Lieske against an automobile dealer, Morrie's Brooklyn Park Daewoo ("Morrie's), and one of the dealer's employees, Todd Perri.[1] The action arises out of Lieske's purchase of a car from Morrie's, and the defendants' subsequent attempts to collect a $500 down payment from Lieske. The Court adopts the Magistrate's detailed recitation of the facts of the case as stated in Part I of the Report and Recommendation.

DISCUSSION

*Standard of review*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law. *Stone Motor Co. v. General Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002); *Reierson v. Resolution Trust Corp.*, 16 F.3d 889, 891 (8th Cir. 1994). The record must be viewed in the light most favorable to the nonmoving party. *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1048 (8th Cir. 2002); *Fogie v. THORN Ams., Inc.*, 95 F.3d 645, 649 (8th Cir. 1996).

*Invasion of privacy—intrusion upon seclusion*

The general tort of invasion of privacy consists of four separate causes of action: intrusion upon seclusion, appropriation of name or likeness, publication of private facts, and false light publicity. *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233 (Minn. 1998);

---

[1] Perri's name is incorrectly spelled "Perry" in the case caption.

*Restatement (Second) of Torts* § 652A (1977). In *Lake*, the Minnesota Supreme Court recognized causes of action for intrusion upon seclusion, appropriation of name or likeness, and publication of private facts, but declined to recognize a cause of action for false light publicity. 582 N.W.2d at 235.

Intrusion upon seclusion occurs when one "'intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns * * * if the intrusion would be highly offensive to a reasonable person.'" *Lake*, 582 N.W.2d at 233 (quoting *Restatement (Second) of Torts* § 652B); *Bauer v. Ford Motor Credit Co.*, 149 F. Supp. 2d 1106, 1108-09 (D. Minn. 2001). In *Bauer*, the United States District Court for the District of Minnesota held that courts should make a preliminary determination of "offensiveness" when presented with a motion for summary judgment on an intrusion upon seclusion claim. 149 F. Supp. 2d at 1109 (citing *Miller v. Nat'l Broadcasting Co.*, 232 Cal. Rptr. 668, 678 (Cal. Ct. App. 1986)). *Bauer* listed a number of factors to be considered when making this preliminary determination, including "the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the [defendant's] motives and objectives, the setting into which [the defendant] intrudes, and the expectations of [the plaintiff] whose privacy is invaded." *Id.* (citing *Miller*, 232 Cal. Rptr. at 679).

Relying on the *Restatement (Second) of Torts* § 652B cmt. d, *Bauer* stated that courts "should also consider the number and frequency of the intrusive contacts, at least as part of its evaluation of the circumstances under which the intrusion occurs." 149 F. Supp. 2d at 1109. The relevant portion of the *Restatement* provides, "There is * * * no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man

would strongly object." *Restatement (Second) of Torts* § 652B cmt. d; *see also Swarthout v. Mut. Serv. Life Ins. Co.*, 632 N.W.2d 741, 745 (Minn. Ct. App. 2001) (reversing summary judgment for defendant when intrusion upon plaintiff's seclusion was "substantial" and "highly offensive").

In this case, Lieske's intrusion upon seclusion claim is based on two contacts initiated by Perri. First, on October 11, 2000, Perri made a telephone call to Lieske's workplace and left a message with a receptionist. Perri told the receptionist that Lieske had bounced two checks, and that Lieske would be arrested for stealing checks if he did not return Perri's call.

Second, Perri went to Lieske's workplace and asked to meet with him on October 26, 2000. Perri and Lieske met in the reception area and then moved to the front door to converse. Perri stood outside the doorway, and Lieske stood in the doorway holding the door partially open. Perri repeatedly demanded payment of the debt. According to Lieske, Perri was angry and his statements were laced with profanity. Lieske responded that he was unable to pay and advised Perri to contact his attorney. Perri grabbed the door, slammed it shut, and made additional demands that Lieske pay the debt. Perri allegedly told Lieske that he wanted to "bust somebody's head" or "rip somebody's head off" because he was concerned that he might lose his job as a result of Lieske's failure to pay. This encounter lasted approximately five minutes.

Defendants argue that these contacts did not result in a substantial intrusion upon Lieske's seclusion. The Court agrees. Lieske agreed to give Morrie's a $500 down payment on a car in two equal installments, provided his business telephone number to Morrie's, drove the car off the lot, and then failed to make the payments at the agreed-upon time. In light of these circumstances, one could reasonably expect that defendants would attempt to contact him at his workplace to obtain payment of the debt. Such efforts can lead to an actionable intrusion upon

the debtor's seclusion, but something more than a single telephone call and a single visit to the debtor's workplace over the course of nearly four weeks is required. As noted in the *Restatement*:

> [T]here is no liability for knocking at the plaintiff's door, or calling [the plaintiff] to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded.

*Id.* § 652B cmt. d. Defendants' conduct in this case did not amount to hounding, nor did it become a substantial burden to Lieske's existence. Based on these considerations, the Court concludes that defendants' conduct does not rise to the level of a substantial intrusion, and that defendants are therefore entitled to judgment on Lieske's intrusion upon seclusion claim as a matter of law.