UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brian Lieske,

Plaintiff,

v.

Morrie's Brooklyn Park Daewoo, d/b/a Morrie's Brooklyn Park Used Car & Truck Center, and Todd Perry, individually,

Defendant.

Court File No.: C0-2658 ~~JMR/FLN~~ 00CV2658 JNE/JGL

**DEFENDANTS' JOINT AND SEPARATE ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Morrie's Brooklyn Park Daewoo, d/b/a Brooklyn Park Used Car & Truck Center ("Defendant Morrie's") and Todd Perri ("Perri"), as and for their joint and separate answer to Plaintiff's Second Amended Complaint, state and allege as follows:

1. Deny each and every matter and allegation contained in Plaintiff's Second Amended Complaint except as is hereinafter admitted, qualified, or otherwise answered.

2. Deny the allegations set forth in paragraph 1 of Plaintiff's Second Amended Complaint.

3. Deny the allegations of jurisdiction as set forth in paragraph 2 of Plaintiff's Second Amended Complaint.

4. State these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 3 of Plaintiff's Second Amended Complaint, and therefore deny the same.

5. Admit that Defendant Morrie's is a Minnesota corporation doing business at 8100



SCANNED
MAY 21 2004
U.S. DISTRICT COURT MPLS

Lakeland Avenue, in the City of Brooklyn Park, County of Hennepin, State of Minnesota, and that Defendant Morrie's may be a creditor within the meaning of the Truth-in-Lending Act and Regulation Z in certain transactions, but deny the remaining allegations set forth in paragraph 4 of Plaintiff's Second Amended Complaint.

6. Admit that Defendant Perri is a citizen of the State of Minnesota.

7. Admit that Plaintiff purchased a vehicle from Defendant Morrie's upon the terms and conditions set forth in Exhibits 1 and 2 to Plaintiff's Second Amended Complaint, which documents speak for themselves.

8. Admit that Plaintiff agreed to pay Defendant Morrie's a $1,500.00 cash down payment, but deny the remaining allegations set forth in paragraph 7 of Plaintiff's Second Amended Complaint, and state that at Plaintiff's request, Courtney K. Gobel ("Gobel") provided Morrie's with two personal checks in the sum of $250.00 each, which were to be held until Plaintiff exchanged cash for said checks.

9. Admit that Brian Lieske did not write personal checks to Morrie's, but state that Plaintiff promised to pay cash to Defendant Morrie's in exchange for personal checks provided by Gobel on Plaintiff's behalf.

10. Admit that Defendant Perri called Plaintiff's place of employment on a date in October, 2000, and spoke with an unidentified female, but state that Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth paragraph 9 of Plaintiff's Second Amended Complaint, and therefore deny the same.

11. Admit that an unidentified female at Plaintiff's place of employment told Defendant

Perri that Plaintiff worked in production, but deny the remaining allegations set forth in paragraph 10 of Plaintiff's Second Amended Complaint.

12. Admit that Defendant Perri made statements of the general substance alleged in paragraph 11 of Plaintiff's Second Amended Complaint to an unidentified female at Plaintiff's place of employment, but state that Defendants have no knowledge or information sufficient to admit or deny the identity of that unidentified female.

13. Deny the allegations set forth in paragraph 12 of Plaintiff's Second Amended Complaint.

14. State that Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiff's Second Amended Complaint, and therefore deny the same.

15. Admit that an unidentified female left Defendant Perri a message stating that Plaintiff was not going to be in today, as set forth in paragraph 14 of Plaintiff's Second Amended Complaint, but Defendants have no knowledge or information to admit or deny the identity of the caller.

16. State that Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 15, 16, or 17 of Plaintiff's Second Amended Complaint, and therefore deny the same and put Plaintiff to his strict proof thereof.

17. Deny the allegations set forth in paragraph 18 of Plaintiff's Second Amended Complaint, but state that Plaintiff spoke by telephone with Defendant Perri and Defendant Morrie's manager, Tod Knudson, on several occasions in October, 2000 prior to Defendant Perri going to Plaintiff's place of employment, and Plaintiff acknowledged in those conversations that he owed Defendant Morrie's $500.00, and made promises to bring in cash to the dealership, but failed to

appear on several occasions as promised.

18. State that Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of Plaintiff's Second Amended Complaint, and therefore deny the same.

19. Admit that Plaintiff Lieske did not write personal checks to Defendant Morrie's as alleged in paragraph 20 of Plaintiff's Second Amended Complaint, but state that Plaintiff gave Defendant Morrie's two checks written by Gobel on Plaintiff's behalf which were to be exchanged for cash paid by Plaintiff in the amount of Gobel's checks.

20. Admit that Defendant Perri went to Plaintiff's place of employment sometime in October 2000.

21. State that these Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of Plaintiff's Second Amended Complaint, and therefore deny the same and put Plaintiff to his strict proof thereof.

22. Admit that Defendant Perri and Plaintiff stepped outside of Plaintiff's place of employment, but deny the remaining allegations set forth in paragraph 23 of Plaintiff's Second Amended Complaint, and state that Plaintiff and Defendant Perri had their conversation some distance away from the door of Plaintiff's place of employment.

23. Deny the allegations set forth in paragraphs 24 through 30 of Plaintiff's Second Amended Complaint, and state that Defendant Perri asked Plaintiff why he had not paid the $500.00 cash to the dealership as promised. Plaintiff stated to Defendant Perri that he did not have the cash at that time, but would try and get the $500.00 and would bring it to the dealership. Plaintiff also stated that he would contact an attorney to get the money from Gobel.

24. State that Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31of Plaintiff's Second Amended Complaint, and therefore deny the same and put Plaintiff to his strict proof thereof.

25. Deny the allegations set forth in paragraphs 32 and 35 of Plaintiff's Second Amended Complaint, except to state that Exhibit 2 to Plaintiff's Second Amended Complaint speaks for itself.

26. Deny the allegations set forth in paragraphs 36 through 39 of Plaintiff's Second Amended Complaint, and state that Defendants made credit disclosures to Plaintiff as required by law, and state that Exhibit 2 and Exhibit 5 to Plaintiff's Second Amended Complaint speak for themselves.

27. Admit that Plaintiff agreed to purchase the vehicle on an installment basis with the payment of a finance charge such that Plaintiff's transaction would be subject to the provisions of the Federal Truth in Lending Act, but deny that Defendants violated any of the statutory provisions cited in paragraph 40 of Plaintiff's Second Amended Complaint.

28. Deny the allegations set forth in paragraph 41 of Plaintiff's Second Amended Complaint, as this Court lacks jurisdiction over the subject matter.

29. Deny the allegations set forth in paragraphs 42 through 44 of Plaintiff's Second Amended Complaint.

30. State that Defendants have no knowledge or information sufficient to form a belief as to the existence, nature and extent of Plaintiff's damages, if any, as set forth in paragraph 45 of Plaintiff's Second Amended Complaint, and therefore deny the same and put Plaintiff to his strict proof thereof.

31. Deny the allegations set forth in paragraphs 46 through 51 of Plaintiff's Second

Amended Complaint.

32. State that Defendants have no knowledge or information sufficient to form a belief as to the existence, nature and extent of Plaintiff's damages, if any, as set forth in paragraph 52 of Plaintiff's Second Amended Complaint, and therefore deny the same and put Plaintiff to his strict proof thereof.

33. Deny the allegations set forth in paragraphs 53 through 55 of Plaintiff's Second Amended Complaint.

34. Deny the allegations set forth in paragraphs 56 through 59 of Plaintiff's Second Amended Complaint.

35. Deny the allegations set forth in paragraphs 60 through 62 of Plaintiff's Second Amended Complaint.

36. Affirmatively allege that Counts I, II, and III and IV, and each of them, fail to state a claim for which relief may be granted against these answering Defendants.

37. Affirmatively allege that this Court lacks subject matter jurisdiction.

38. Affirmatively allege with respect to Count II, that any statements by Defendants concerning Plaintiff were true, protected by a qualified privilege, or otherwise were protected opinions.

39. Affirmatively allege that Count V fails to state a claim for which relief may be granted, and that Plaintiff fails to make the requisite statutory showing to permit assertion of a claim for or recovery of punitive damages pursuant to Minnesota law.

WHEREFORE, Defendant Morrie's and Defendant Perri pray that Plaintiff's Second Amended Complaint be dismissed and that Defendants have judgment in their favor awarding them

their costs and disbursements herein, and have such other relief as may be just and proper.

Respectfully submitted,

Dated: 2-15-02

**JOHNSON & VAN VLIET, L.L.P.**

Karen Melling van Vliet (#178810)
Attorneys for Defendants
332 Minnesota Street, Suite W975
First National Bank Building
St. Paul, MN 55101
(651) 227-2534

JOHNSON • PROVO-PETERSEN, LLP

ATTORNEYS AT LAW

332 Minnesota Street • Suite W-975 • St. Paul, Minnesota 55101
Telephone: (651) 227-2534 • Fax: (651) 297-6226
www.johnsonpetersenlaw.com

Gregory J. Johnson
Jeannie Provo-Petersen

Klay C. Ahrens
Daniel J. Ryan
Elizabeth E. Caturia

RECEIVED
BY U.S. MAIL
2004 MAY 21 AM 9:26
CLERK, U.S. DIST COURT
MINNEAPOLIS, MN

May 20, 2004

Mr. Richard Sletten
Clerk of Court
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

Re: Case Name: Brian Lieske v. Morrie's Brooklyn Park Daewoo, et al.
Court File No.:C0-2658 JMR/FLN
Our File No.: 10808

Dear Mr. Sletten:

Enclosed herewith for filing in the above-referenced matter please find Defendants' Joint and Separate Answer to Plaintiff's Second Amended Complaint.

Should you have any questions, please contact me.

Very truly yours,

Gregory J. Johnson

/kak
encl.
cc: Thomas J. Lyons, Jr., Esq. (*w/o encl.*)