**UNITED STATES DISTRICT COURT**
**STATE OF MINNESOTA**
**COURT FILE NO.: CO-2658 JNE/JGL**

**ORIGINAL**

---

Brian Lieske,

Plaintiff,

vs.

**DEFENDANT MORRIE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER**

Morrie's Brooklyn Park Daewoo, d/b/a Morrie's Brooklyn Park Used Car & Truck Center, and Todd Perry, individually,

Defendants.

**ORAL ARGUMENT REQUESTED**

---

## I. INTRODUCTION

Defendant Morrie's Brooklyn Park Daewoo, d/b/a Morrie's Brooklyn Park Used Car & Truck Center ("Morries"), submits this Memorandum of Law in Support of its Motion to Amend the Court's Pretrial Scheduling Order pursuant to Fed.R.Civ.P. 16(b) and Local Rule 16.3 to allow Morries to serve the summary judgment motion and supporting documents that are attached hereto as Exhibit 1 relative to the federal claims Plaintiff has alleged under the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.* Although numerous federal courts, including the United States District Court for the District of Minnesota, have rejected the identical claims (and Plaintiff's counsel in the immediate case was involved in the prior decisions), Plaintiff's counsel has refused to voluntarily dismiss the TILA claims.

SCANNED
JUN 01 2004
U.S. DISTRICT COURT ST. PAUL

This case arises out of Plaintiff's purchase of a 1997 Ford Taurus from Morries on August 26, 2000. Morries arranged financing through Fairlane Credit, a sub-prime sales finance company, pursuant to a retail installment contract ("RIC"). Although the RIC contained a segregated Truth in Lending disclosure box which contained all of the credit terms required to be disclosed by the TILA (i.e., the annual percentage rate, amount financed, finance charge, total of payments and total sales price) and Plaintiff reviewed, signed and received a copy of the RIC, Plaintiff alleges two TILA claims against Morries.[1]

First, Plaintiff alleged that Morries violated the "timing" requirements of 15 U.S.C. §1638(b)(1) and §226.17 of Revised Regulation Z "by failing to deliver any disclosures to Plaintiff in a form he could keep prior to . . . consummation of the transaction . . .." (*See* Second Amended Complaint at ¶ 54.)

The identical "timing" claim has been rejected by the United States District Court for the District of Minnesota, as well as numerous other federal courts.[2] In *Peter v. Village Imports Co.*,

---

[1]Plaintiff's two state law claims of defamation and assault relate to the collection of the downpayment Plaintiff agreed to pay and are, thus, unrelated to the federal causes of action alleged in the Amended Complaint.

[2]*See, e.g., Spearman v. Tom Wood Pontiac-GMC, Inc.*, 312 F.3d 848, 851 (7th Cir. 2002) ("the creditor may fulfill the timing requirements of TILA and Regulation Z by providing the consumer with a copy of the contract containing the appropriate disclosures moments before the consumer signs the contract"); *Haun v. Don Mealy Imports, Inc.*, 285 F.Supp.2d 1297 (M.D. Fla. 2003) (the TILA does not require a dealership to provide a personal copy of TIL disclosures separate from those provided on the RIC signed by the customer); *Harper v. Lindsay Chevrolet Oldsmobile, LLC*, 212 F.Supp.2d 582 (E.D. Va. 2002) (noting that the TILA does not require a dealership to provide disclosures in writing on a document separate from the RIC); *Gavin v. Koons Buick Pontiac GMC, Inc.*, 28 Fed. Appx. 220, 2002 WL 46759 (4th Cir. 2002) (allowing the customer to review the written credit agreement prior to signing satisfies the TILA); *Queen v. Lynch Jewelers, LLC*, 30 Kan.App.2d 1026, 55 P.3d 914 (Kan. Ct. App. 2002) (the TILA does not require that a creditor separate the consumer's copy of the credit contract from the other copies of the contract and give the copy to the consumer before the consumer signs the contract); *Tripp v. Charlie Falk Auto*, 2001 WL

2001 WL 1640130 (D. Minn. Oct. 9, 2001), Judge Doty granted the dealership's motion for summary judgment on the plaintiff's TILA "timing" claim, noting:

> [T]he court believes that giving a buyer the credit terms on a form that he is to sign complies with the timing requirements of TILA. The retail installment contract given to Peter contained all of the credit and financing terms of the transaction. Peter was given the opportunity to read the contract before he signed it. Peter did not become obligated on the credit transaction until he signed the contact. If Peter did not like the terms, he could have chosen not to sign at the time and taken the agreement with him to "shop" for a better rate. Peter made the choice to sign immediately and did not shop around.

*Peter*, 2001 WL 1640130 at *3.

The same conclusion was reached by Judge Frank in the case of *Vang v. Morrie's Minnetonka Ford*, 2001 WL 1589614 (D. Minn. Dec. 11, 2001) (Frank, J.). In granting the dealership's motion for summary judgment on the plaintiff's "timing" claim in *Vang*, the court stated:

> By its current practice, Defendant presents to the borrower a copy of the contract with the requisite TIL disclosures. The borrower then has the opportunity to review the contract, including the disclosures, and then makes the decision whether or not to execute the contract. There is nothing before the Court that would support the conclusion that the borrower is somehow precluded from reviewing the unsigned contract for five minutes, five hours, or even five weeks. Either way, the borrower is provided with a written copy of the disclosures that he may take with him. * * *

---

1105132 (E.D. Va. 2001) (noting that the "opportunity to read the [installment] contract before signing . . . is sufficient to satisfy the pre-consummation requirement of TILA"); *Nigh v. Koons Buick Pontiac GMC, Inc.*, 143 F.Supp.2d 535 (E.D. Va. 2001) ("[P]rovision of a RISC with all of the sales terms prior to signature grants a buyer the opportunity to review the terms prior to signing, and to defer signing if the terms are not agreeable"); *Diaz v. Joe Rizza Ford, Inc.*, 2001 WL 1360315 (N.D. Ill. 2001) (dealership satisfies TILA by providing RIC containing TIL disclosures to customer for review before customer is obligated to any credit terms). Copies of all unpublished decisions cited herein are attached as Exhibit C to the Affidavit of Gregory J. Johnson dated May 25, 2004, filed herewith in the attached Exhibit 1.

Vang, 2001 WL 1589614 at *3.

Second, Plaintiff alleges that Morries violated 12 C.F.R. §226.17(c)(2) of Regulation Z, claiming that the TIL disclosures which appeared on the RIC he executed "should have been marked as estimates" because the transaction was contingent upon a third-party lender's approval. (See Second Amended Complaint at ¶ 55.) The identical "estimates" claim has been rejected by the United States District Court for the District of Minnesota, as well as numerous other federal courts.[3] In Vang v. Morrie's Minnetonka Ford, 2001 WL 1589614 (D. Minn. Dec. 11, 2001) (Frank, J.), Judge Frank dismissed the claim, stating:

> The Court finds Plaintiff's argument on this issue to be without merit. At the time the terms were disclosed, Defendant knew them to be accurate, and Plaintiff agreed to be bound by those terms, if third-party lender approval was obtained. Janikowski v. Lynch Ford, Inc., 210 F.3d 765, 767 (7th Cir.2000) (finding no TILA "estimates" violation because borrower would have been obligated to purchase pursuant to disclosed terms had financing condition been satisfied). * * * Contrary to Plaintiff's position, the fact that the borrower is not bound to the contract unless the agreed upon terms can be obtained from a third-party lender appears to serve the interests of the consumer. The fact that a borrower may be disappointed that credit terms cannot be obtained is unfortunate but does not constitute evidence of a TILA violation.

---

[3]See, e.g., Janikowski v. Lynch Ford, Inc., 210 F.3d 765, 767 (7th Cir. 2000), *reh'g and reh'g en banc denied,* (May 23, 2000) (dismissing claim that dealership violated TILA by not labeling disclosures as estimates because "[i]f the financing condition had been satisfied, Janikowski would be able and obligated to purchase the car at 5.9%"); Tripp v. Charlie Falk Auto, 2001 WL 1105132 at *5 (E.D. Va. 2001) (the condition of financing approval by a third-party lending institution does not necessitate labeling the disclosed terms estimates because "[i]f the financing condition had been satisfied, then Plaintiffs and Defendants would have been obligated under the terms of the contract"); Burns v. Elmhurst Auto Mall, Inc., 2001 WL 521840 (N.D. Ill. May 16, 2001) ("Since the disclosure was accurate when the contract was completed, the lack of available financing at the rate disclosed does not render the disclosures actionable"); Leguillou v. Lynch Ford, Inc., 2000 WL 198796 (N.D. Ill. Feb. 14, 2000) ("Since the disclosure was accurate when the contract was completed, the lack of available financing at 11.9% does not render the disclosures actionable"); Jasper v. New Rogers Pontiac, Inc., 1999 WL 1024522 at *2-3 (N.D. Ill. Nov. 5, 1999) (dismissing claim and specifically noting that a dealership's inability to arrange financing on terms specified in installment contract "does not make the disclosures inaccurate so as to necessitate their being labeled as estimates").

Moreover, the United States District Court for the District of Minnesota, as well as numerous other federal courts have held that a violation of the TILA provisions at issue do not give rise to statutory damages.[4] The United States District Court for the District of Minnesota has reached that conclusion on two occasions. See, e.g., Stevens v. Brookdale Dodge, Inc., 2002 WL 31941158 (D. Minn. Dec. 27, 2002) (Erickson, J.) (even assuming a violation of TILA's "timing" requirement occurred, dealership was still entitled to summary judgment because the plaintiff failed to establish any actual damages relating to the alleged violation); Malchow v. GMI Acquisition, Inc., 2002 WL 31185865 at *4 (D. Minn. Oct. 1, 2002) (Kyle, J.) (holding that statutory damages are not available for an alleged violation of 15 U.S.C. §1638(b) or claim that dealership failed to label TIL disclosures as estimates).

## II. PROCEDURAL POSTURE

The dispositive motion deadline set forth in the Court's original Scheduling Order has passed. It appears that there are three procedural alternatives to resolving the TILA claims. First, Plaintiff could recognize the baseless nature of the claims and voluntarily dismiss the TILA claims. Although this alternative would spare the parties from having to incur unnecessary legal expense, Plaintiff's counsel (who was involved in the Peter, Vang, Stevens and Malchow cases) has refused to dismiss the TILA claims.

---

[4]See, e.g., Brown v. Payday Check Advance, Inc., 202 F.3d 987 (7th Cir. 2000), *cert. denied*, 531 U.S. 820 (2000) (holding that a violation of §1638(b)(1) does not give rise to statutory damages because it is not specifically enumerated in §1640(a)(2)); Wojcik v. Courtesy Auto Sales, Inc., 2002 WL 31663298 at *5 (D. Neb. Nov. 25, 2002); Kilbourn v. Candy Ford-Mercury, Inc., 209 F.R.D. 121, 125-28 (W.D. Mich. 2002); Collins v. Ray Skillman Olds-GMC Truck, Inc., 2001 WL 1711466 at *3-4 (S.D. Ind. Dec. 3, 2001); Crowe v. Joliet Dodge & Union Acceptance Corp., 2001 WL 811655 at *4 (N.D. Ill. July 18, 2001); Nigh v. Koons Buick Pontiac GMC, Inc., 143 F.Supp.2d 535, 549 (E.D. Va. 2001); and Molenbeek v. West Mich. Auto & Truck Outlet, Inc., 2001 WL 1602654 at *5-6 (W.D. Mich. Mar. 15, 2001).

Second, because the TILA claims present legal issues that Judge Erickson (who decided the *Stevens* case) would inevitably have to decide, Morries could either: (a) submit a trial brief on the legal issues and request that Judge Erickson dismiss the federal TILA claims at the time of trial on the state law claims; or (b) obtain an extension of the dispositive motion deadline to serve the dispositive motion (attached hereto as Exhibit 1), such that Judge Erickson can rule on the federal claims in advance of trial and determine whether to exercise supplemental jurisdiction over the state law claims.

## III. LEGAL ANALYSIS

Rule 16(b) of the Federal Rules of Civil Procedure provides, in part, that a scheduling order may only be modified "upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge". Local Rule 16.3(a) provides that "[o]nce the pretrial discovery schedule is adopted, it shall not be extended or modified except upon written motion and for good cause shown.

"Good cause" exists to extend the dispositive motion deadline relative to a hearing on the federal TILA claims. First, prior to the expiration of the dispositive motion deadline in the immediate case, counsel for the parties in the immediate case had already briefed and argued the identical legal issues in other cases. Second, Minnesota federal courts have rejected the claims on four separate occasions. (*See, e.g.*, *Peter*, *Vang*, *Stevens* and *Malchow*.)[5] Finally, as noted by the federal district court in *Eischeid v. Dover Const., Inc.,* 217 F.R.D. 448, 455 (N.D. Iowa 2003):

---

[5]As the Court is aware the proceedings in this case were stayed for an extended period of time due to the liquidation/insolvency proceedings of Morries' liability insurance carrier.

> [T]he court could be persuaded that "good cause" exists for extending a dispositive motion deadline where the proffered dispositive motion presents *legal* issues that the court would inevitably have to decide either prior to or in the course of trial. In those circumstances, a well-founded summary judgment motion might present the most efficient method for addressing the legal issues presented, the fairest opportunity for all parties to be heard on those issues, and, ultimately, make possible a smoother, more coherent, and briefer presentation of the case to a jury. * * * Moreover, where the issues raised in the belated motion must inevitably be addressed by the court either prior to or in the course of trial, the opposing party cannot claim prejudice where consideration of the otherwise untimely motion presenting those issues actually gives the opposing party the opportunity to litigate those issues fully and fairly.

Here, the identical TILA claims have already been rejected by this Court on four occasions. Plaintiff does not have any reasonable opposition to an extension of the dispositive motion deadline for purposes of having those claims resolved. Judge Erickson will have to rule on the legal issues involved in the federal TILA claims at some point and addressing the same in advance of trial on the state law claims makes sound efficient, economical and judicial sense. First, Judge Erickson may decide, if the TILA claims are dismissed, to not exercise supplemental jurisdiction over the state law claims. Second, "a well-founded summary judgment motion might present the most efficient method for addressing the legal issues presented, the fairest opportunity for all parties to be heard on those issues, and, ultimately, make possible a smoother, more coherent, and briefer presentation of the case to a jury". *Eischeid*, 217 F.R.D. at 455.

## IV. CONCLUSION

Based on the foregoing, Defendant Morries respectfully requests that the Court grant its Motion to Amend the Pretrial Scheduling Order and issue an Order allowing Morries to serve the summary judgment motion that is attached hereto as Exhibit 1 upon Plaintiff's counsel.

Respectfully submitted,

Dated: 5/26/04

**JOHNSON • PROVO-PETERSEN, LLP**

Gregory J. Johnson (#202678)
Attorneys for Defendants
332 Minnesota Street, Suite West 975
St. Paul, MN 55101
(651) 227-2534