**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 00-2658 JMR/FLN**

| | |
|---|---|
| Brian Lieske,<br><br>Plaintiff,<br><br>-vs-<br><br>Morrie's Brooklyn Park Daewoo d/b/a Morrie's Brooklyn Park Used Car & Truck Center, and Todd Perri, individually,<br><br>Defendants. | **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT MORRIE'S MOTION TO AMEND SCHEDULING ORDER** |

## INTRODUCTION

Plaintiff submits this Memorandum in response to Defendant Morrie's Motion to Amend the February 23, 2001 Scheduling Order. Defendant has failed to show either "extraordinary circumstances" for the Court to entertain such a motion after the deadline or "good cause" for the Court to grant it. LR 16.3. Both the supposed factual and the supposed legal bases for Defendant's proposed Motion for Summary Judgment were at Defendant's disposal before the December 1, 2001 dispositive-motion deadline. Nevertheless, Defendant waited until now to attempt to bring its Motion for Summary Judgment on Plaintiff's federal claims, and did not even before now seek to amend the scheduling order. Because Defendant can offer no excuse for its lack of diligence, its Motion to Amend the Scheduling Order should be denied.

## BACKGROUND

This case arises from Defendants' unlawful conduct in connection with Plaintiff's 2000 purchase of a vehicle from Defendant Morrie's. On December 7, 2000, Plaintiff filed his

Complaint. Plaintiff alleges violations of the federal Truth in Lending Act (TILA) and common law invasion of privacy, defamation, and assault. (See generally 2d Am. Compl.)

On February 23, 2001, the Court issued a Pretrial Schedule. Discovery closed on October 1, 2001. (See Pretrial Schedule order, Feb. 23, 2001.) The Schedule provided, "All dispositive motions shall be filed and scheduled for hearing prior to December 1, 2001." (Id.) Accordingly, Defendants served a Motion for Summary Judgment on October 15, 2001. The Motion sought summary judgment on Plaintiff's state law claims, but expressly did not seek summary judgment on Plaintiff's TILA claims. (See Def.s' Mem. in Support of Sum. J., Oct. 15, 2001, at 2, n.2.)

Defendants let the December 1, 2001 deadline pass without making a dispositive motion on the TILA claims and without making any motion to amend the scheduling order. On May 7, 2002, while the summary judgment motion was pending, the Court granted Defendants' Motion to Stay Proceedings until June 28, 2002. (Order, May 7, 2002.) The Court eventually granted summary judgment on the invasion of privacy claims, but denied it on the defamation and assault claims. (See Order, Aug. 30, 2002.) Defendants still did not make any dispositive motion on the TILA claim or any motion to amend the scheduling order.

On May 28, 2003, the Court granted a second Motion to Stay Proceedings from Defendant Morrie's. (See Order, May 28, 2003) Defendant did not serve the present Motion to Amend the Scheduling order until May 27, 2004.

## ARGUMENT

### I. DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER SHOULD BE DENIED BECAUSE DEFENDANT HAS FAILED TO MEET EITHER THE PROCEDURAL OR SUBSTANTIVE REQUIREMENTS OF LOCAL RULE 16.3.

**A. <u>Defendant's Motion to Amend the Scheduling Order should be denied because Defendant failed to bring the motion before the deadline in question had passed.</u>**

The Local Rules for the District of Minnesota provide, "Except in extraordinary circumstances, the motion for extension shall be served and the hearing, if any, shall be scheduled prior to the expiration of the original pre-trial schedule deadlines." LR 16.3(c). Defendant admits that Local Rule 16.3 applies (<u>see</u> Def.'s Mem. at 1), yet fails to make any mention of LR 16.3(c).

Defendant admits that the dispositive-motion deadline passed before Defendant served the present motion. (<u>See</u> Def.'s Mem. at 14.) Indeed, Defendant did not bring its motion to amend the scheduling order until two and a half years past the deadline.

Thus, the Court need not even entertain whether Defendant has shown good cause, because Defendant has made no argument whatsoever that there are any extraordinary circumstances that would justify even considering the motion to extend at this late date. The only thing extraordinary about the circumstances is how long past the deadline Defendant waited before moving to amend the scheduling order.

Accordingly, Defendant's motion to extend the scheduling deadline should be denied as untimely itself.

**B. <u>Defendant's Motion to Amend the Scheduling Order should be denied for the additional reason that Defendant's lack of diligence in bringing the summary judgment motion is not good cause.</u>**

Local Rule 16.3 and Fed. R. Civ. P. 16(b) provides that a scheduling order may be amended only upon motion for good cause shown. Even if the Court here reaches whether Defendant has shown good cause to amend the scheduling order to allow Defendant's untimely summary judgment motion, Defendant's Motion to extend the scheduling deadline should be denied. The Eighth Circuit has held, "The primary measure of Rule 16's 'good cause' standard

is the moving party's diligence in attempting to meet the case management order's requirements." Bradford v. Dana Corp., 249 F.3d 807, 809 (8th Cir. 2001) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). The Eighth Circuit explained, "As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them." Bradford, 249 F.3d at 809 (citing In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir.1999)).

This Court has explained:

> The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes — 1983 Amendment; see also, Julian v. Equifax Check Services, Inc., 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mention, therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. Luigino's Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D. Minn. 1998).

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631-32 (D. Minn. 2000), (quoting Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581 (D. Minn. 1999)).

The very case on which Defendant here seeks to rely explained:

> The court also does not agree with Eischeid that the supposed merits of his summary judgment motion otherwise establish "good cause" for extending the deadline. Reasonable scheduling deadlines should apply to *the filing of dispositive motions*, without regard to whether or not the motions are meritorious. Otherwise, every party in every case could argue that it should be excused from following applicable deadlines, because its belated motion is "meritorious," turning the disposition of the motion to extend deadlines into a *de facto* consideration of the merits of the untimely motion.

Eischeid v. Dover Const. Inc., 217 F.R.D. 448 (N.D. Iowa 2003). The Eischeid court concluded, "The supposed merits of the summary judgment motion do not explain the delay in filing it." Id.

In the present case, Defendant offers no explanation for its lack of diligence in failing to meet the dispositive-motion deadline, but instead presses the supposed merits of its proposed second motion for summary judgment. However, most of the cases that Defendant now claims support its position on the merits had been decided before the December 1, 2001 dispositive-motion deadline in this case. See, e.g., Janikowski v. Lynch Ford, Inc., 210 F.3d 765, 767 (7th Cir. 2000); Brown v. Payday Check Advance, Inc., 202 F.3d 987 (7th Cir. 2000); Peter v. Village Imports Co., 2001 WL 1640130 (D. Minn. Oct. 9, 2001); Tripp v. Charlie Falk Auto, 2001 WL 1105132 (E.D. Va. Aug. 22, 2001); Nigh v. Koons Buick Pontiac GMC, Inc., 143 F. Supp. 2d 535 (E.D. Va. Apr. 20, 2001) Diaz v. Joe Rizza Ford, Inc., 2001 WL 1360315 (N.D. Ill. Nov. 2, 2001). While Plaintiff does not concede that these cases support Defendant's position on the merits, if Defendant believes they do, there was no reason Defendant could not have brought its motion at the appropriate time. Indeed, Defendant admits that it had already briefed supposedly "identical legal issues" in other cases.[1] There was therefore no good cause for Defendant to fail to make the supposedly "identical" argument in this case.

Nor can defendant claim that it had not completed the necessary discovery before the dispositive-motion deadline. The discovery deadline was October 1, 2001, and hence all discovery was completed well before the dispositive-motion deadline.

Certainly if Defendant had an argument against the TILA claim, the time to raise it was in the prior Motion for Summary Judgment. Defendant chose not to make any such argument at that time, and made no suggestion at that time that it needed additional time to engage in further discovery or to conduct legal research.

---

[1] Defendant argues, without explanation, that because certain issues had supposedly already been briefed in other cases, there is somehow good cause. (See Def.'s Mem. at 6.) In truth, the fact that Defendant had supposedly already briefed the same issues in other cases shows just the opposite of good cause: i.e., there was no reason Defendant could not have made the argument at the appropriate time in this case.

While the standard is not whether Plaintiff would be prejudiced, Plaintiff would indeed be prejudiced by any further delay in a case he filed three and a half years ago. [2]

## CONCLUSION

There is no reason why Defendant could not have brought its Motion for Summary Judgment before the dispositive-motion deadline. Nor is there any reason why Defendant could not have brought its Motion to extend the deadline before the deadline. Defendant did neither. Instead, Defendant disregarded the scheduling order, slept on its rights, and now must suffer the consequences. Accordingly, Defendant Morrie's Motion to Amend the Scheduling Order should be denied.

Dated this 9th day of June, 2004.

Respectfully Submitted,

**CONSUMER JUSTICE CENTER, P.A.**

By:s/Thomas J. Lyons, Jr.
Thomas J. Lyons, Jr.
Attorney ID # 0249646
John H. Goolsby
Attorney ID # 0320201
342 East County Road D
Little Canada, MN 55117
Telephone: (651) 770-9707

**THOMAS J. LYONS & ASSOCIATES, P.A.**
Thomas J. Lyons
Attorney ID # 65699
342 East County Road D
Little Canada, MN 55117
Telephone: (651) 770-9707

Attorneys for Plaintiff Brian Lieske

[2] Further, this matter is currently set for a final settlement conference on July 12, 2004.