**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Cheritylee Ann Stevens and<br>David Matthew Stevens,<br><br>Plaintiffs,<br><br>v.<br><br>Brookdale Dodge, Inc.,<br><br>Defendant. | Civil File No. 00-2632 (JNE/JGL)<br><br>**DEFENDANTS' CONSOLIDATED MEMORANDUM OF LAW IN SUPPORT OF THEIR RESPECTIVE APPEALS FROM CHIEF MAGISTRATE JUDGE JONATHAN LEBEDOFF'S ORDER DATED 6/29/04 PURSUANT TO FED.R.CIV.P. 72(a) AND LOCAL RULE 72.1(b)(2)** |
| Brian Lieske,<br><br>Plaintiff,<br><br>v.<br><br>Morrie's Brooklyn Park Daewoo,<br>d/b/a Morrie's Brooklyn Park<br>Used Car & Truck Center, and Todd Perry,<br>individually,<br><br>Defendants. | Civil File No. 002-658 (JNE/JGL) |

## I. INTRODUCTION

Defendants Brookdale Dodge, Inc. and Morrie's Brooklyn Park Daewoo, d/b/a Morrie's Brooklyn Park Used Car & Truck Center ("Morries) respectfully submit this consolidated Memorandum of Law in support of their objections and appeal from the Honorable Chief Magistrate Judge Jonathan Lebedoff's Order dated June 29, 2004, denying Defendants' respective Motions to

Amend the Court's Pretrial Scheduling Order pursuant to Fed.R.Civ.P. 16(b) and Local Rule 16.3.[1]

## II. STATEMENT OF FACTS AND ARGUMENT

Both lawsuits relate to the purchase and financing of motor vehicles from Defendant dealerships.

Both lawsuits allege claims under the federal Truth-in-Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.*, and Regulation Z to the TILA that have been rejected by the United States District Court for the District of Minnesota, as well as numerous other federal courts.

The only remaining claim in the *Stevens* case (Civil File No. 00-CV-2632) is Plaintiffs' "estimate" claim. The "estimate" claim involves purely a legal issue, to wit: Whether a dealership violates the TILA if it does not label the credit terms that are disclosed in a retail installment contract as "estimates" when the transaction is contingent upon a third-party lender's credit approval?[2]

In the *Lieske* case (Civil File No. 00-CV-2658), the identical "estimates" claim has been

---

[1]Upon request by all parties, Chief Magistrate Judge Lebedoff agreed to hear Defendants' respective Motions at the same time and to issue a consolidated Order, as the counsel, presiding Judge of District Court, and pending issues were identical in both Motions. While the above-captioned matters were argued at the same hearing and a consolidated Order issued, the cases are not otherwise consolidated. (*See* Chief Magistrate Judge Lebedoff's Order dated June 29, 2004 at p. 2 and n.1.)

[2]This claim has been dismissed by numerous federal courts, including the United States District Court for the District of Minnesota. *See* *Vang v. Morrie's Minnetonka Ford*, unpublished decision, 2001 WL 1589614 (D. Minn. 2001) (Frank, J.) (concluding that there was no merit to plaintiff's claim that the defendant dealership "violated TILA by failing to label the TIL disclosures as 'estimates'"); *Janikowski v. Lynch Ford, Inc.*, 210F.3d 765, 767 (7th Cir. 2000), *reh'g and reh'g en banc denied*, (May 23, 2000) (same); *Tripp v. Charlie Falk Auto*, 2001 WL 1105132 at *5 (E.D. Va. 2001) (same); *Burns v. Elmhurst Auto Mall, Inc.*, 2001 WL 521840 (N.D. Ill. May 16, 2001) (same); *Leguillou v. Lynch Ford, Inc.*, 2000 WL 198796 (N.D. Ill. Feb. 14, 2000) (same); *Jasper v. New Rogers Pontiac, Inc.*, 1999 WL 1024522 at *2-3 (N.D. Ill. Nov. 5, 1999) (same). Although Plaintiffs' counsel in the immediate cases also represented the plaintiff in *Vang* (and did not appeal the decision to the Eighth Circuit), Plaintiffs in *Stevens* have refused to voluntarily dismiss the claim.

alleged. Additionally, Lieske alleged a "timing" claim under 15 U.S.C. §1638(b)(1) and §226.17 of Regulation Z. The "timing" claim involves a purely legal issue, to wit: Whether a dealership violates the TILA when it presents the TIL disclosures in the retail installment contract to be executed by the customer?[3]

Assuming the Defendant dealerships violated the TILA, both cases would present the legal issue of whether the TILA authorizes the recovery of statutory damages for an alleged violation of the "estimate" and "timing" provisions at issue. The United States District Court for the District of Minnesota has held on two occasions that statutory damages are not available for a violation of the "estimate" or "timing" provisions at issue. *See*, *e.g.*, *Stevens v. Brookdale Dodge, Inc.*, 2002 WL 31941158 (D. Minn. Dec. 27, 2002) (Erickson, J.) (holding that statutory damages would not be available for an alleged violation of "timing" requirement); *Malchow v. GMI Acquisition, Inc.*, 2002 WL 31185865 at *4 (D. Minn. Oct. 1, 2002) (Kyle, J.) (holding that statutory damages would not be available for an alleged violation of "timing" provisions or claim that dealership failed to label

[3]This claim has been dismissed by numerous federal courts, including the United States District Court for the District of Minnesota. *See*, *e.g.*, *Peter v. Village Imports Co.*, 2001 WL 1640130 (D. Minn. Oct. 9, 2001) (Doty, J.) (holding that the TILA only requires dealership to present TIL disclosures to customer in retail installment contract to be signed by customer; separate TIL disclosure statement is not required); *Vang v. Morrie's Minnetonka Ford*, unpublished decision, 2001 WL 1589614 (D. Minn. 2001) (Frank, J.); *Spearman v. Tom Wood Pontiac-GMC, Inc.*, 312 F.3d 848, 851 (7th Cir. 2002) (same); *Haun v. Don Mealy Imports, Inc.*, 285 F.Supp.2d 1297 (M.D. Fla. 2003) (same); *Harper v. Lindsay Chevrolet Oldsmobile, LLC*, 212 F.Supp.2d 582 (E.D. Va. 2002) (same); *Gavin v. Koons Buick Pontiac GMC, Inc.*, 28 Fed. Appx. 220, 2002 WL 46759 (4th Cir. 2002) (same); *Queen v. Lynch Jewelers, LLC*, 30 Kan.App.2d 1026, 55 P.3d 914 (Kan. Ct. App. 2002) (same); *Tripp v. Charlie Falk Auto*, 2001 WL 1105132 (E.D. Va. 2001) (same)**;** *Nigh v. Koons Buick Pontiac GMC, Inc.*, 143 F.Supp.2d 535 (E.D. Va. 2001) (same); *Diaz v. Joe Rizza Ford, Inc.*, 2001 WL 1360315 (N.D. Ill. 2001) (same). Copies of all unpublished decisions cited herein were attached as Exhibit C to the Affidavit of Gregory J. Johnson dated May 25, 2004, previously filed with the Court.

TIL disclosures as estimates).[4]

There is no dispute that the original deadlines for dispositive motions has expired in each of these cases.

In *Stevens*, the dispositive motion deadline expired on May 1, 2002. However, the "estimate" claim was raised prior to the expiration of the deadline in the parties's cross-motions for summary judgment. The plaintiff in *Stevens* alleged in her Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment that Brookdale Dodge had violated the TILA "by not marking the required disclosures as estimates. (Regulation Z, 12 C.F.R. Sec. 226.17(c)(2))." (*See* Plaintiffs' Memorandum dated Nov. 9, 2001, at p. 1.) Brookdale Dodge, in its Memorandum in Opposition to Plaintiff's Cross-Motion, cited the Court the cases of *Janikowski v. Lynch Ford, Inc.*, 210 F.3d 765, 767 (7th Cir. 2000); *Tripp v. Charlie Falk Auto*, 2001 WL 1105132 at * 5 (E.D. Va. 2001); *Burns v. Elmhurst Auto Mall, Inc.*, 2001 WL 521840 (N.D. Ill. May 16, 2001); *Leguillous v. Lynch Ford, Inc.*, 2000 WL 198796 (N.D. Ill. Feb. 14, 2000), and *Jasper v. New Rogers Pontiac, Inc.*, 1999 WL 1024522 at * 2-3 (N.D. Ill. Nov. 5, 1999), in support of its position that Stevens' "estimate" claim failed as a matter of law and further asserted that a violation of 12 C.F.R. §226.17(c)(2) does not entitle a consumer to a statutory penalty. (*See* Defendant's Memorandum

---

[4]Numerous federal courts have reached the same conclusion. *See*, *e.g.*, *Brown v. Payday Check Advance, Inc.*, 202 F.3d 987 (7th Cir. 2000), *cert. denied*, 531 U.S. 820 (2000) (holding that a violation of §1638(b)(1) does not give rise to statutory damages because it is not specifically enumerated in §1640(a)(2)); *Wojcik v. Courtesy Auto Sales, Inc.*, 2002 WL 31663298 at *5 (D. Neb. Nov. 25, 2002); *Kilbourn v. Candy Ford-Mercury, Inc.*, 209 F.R.D. 121, 125-28 (W.D. Mich. 2002); *Collins v. Ray Skillman Olds-GMC Truck, Inc.*, 2001 WL 1711466 at *3-4 (S.D. Ind. Dec. 3, 2001); *Crowe v. Joliet Dodge & Union Acceptance Corp.*, 2001 WL 811655 at *4 (N.D. Ill. July 18, 2001); *Nigh v. Koons Buick Pontiac GMC, Inc.*, 143 F.Supp.2d 535, 549 (E.D. Va. 2001); and *Molenbeek v. West Mich. Auto & Truck Outlet, Inc.*, 2001 WL 1602654 at *5-6 (W.D. Mich. Mar. 15, 2001).

dated Dec. 3, 2001, at pp. 5-6.)[5]

The cross-motions for summary judgment were not heard until June 26, 2002 (approximately two months after the expiration of the dispositive motion deadline). Thereafter, Magistrate Judge Susan Nelson issued a Report and Recommendation (R&R) recommending that summary judgment be granted to Plaintiffs on the "timing" claim. (*See* R&R dated Aug. 27, 2002.) Although the "estimates" claim had been briefed by both parties, the Magistrate decided not to resolve the "estimates" claim, determining that "neither party had formally moved for summary judgment on this claim." (*Id.* at p. 26.) This Court, by Order dated December 27, 2002, declined to adopt Magistrate Judge Nelson's R&R and granted Brookdale Dodge summary judgment on Stevens' "timing" claim. (*See* Order dated Dec. 27, 2002.) However, the Court agreed with the Magistrate's determination that it would be inappropriate to rule on the remaining "estimates" claim. (*Id.* at p. 1 n.1.)

Thereafter, on January 2, 2003, Brookdale Dodge requested that Stevens' counsel, Thomas Lyons, Jr., voluntarily dismiss the "estimates" claim and forwarded a stipulation of dismissal to his office. Although the identical claim was raised and rejected in *Vang* (with no appeal taken to the Eighth Circuit Court of Appeals), and no case supported the Stevens' claim, the Stevens' did not dismiss the claim and their counsel did not respond to Brookdale Dodge's request that the claim be dismissed. Brookdale Dodge then served a motion for summary judgment on the remaining "estimates" claim. Although the "estimates" claim was raised prior to the dispositive motion deadline, was briefed by both parties and involves a pure legal issue which will have to be decided

---

[5]One week later, on December 11, 2001, Judge Frank issued the decision in *Vang v. Morrie's Minnetonka Ford*, unpublished decision, 2001 WL 1589614 (D. Minn. 2001), wherein the Court dismissed the "estimates" claim.

by the Court in light of the Stevens' refusal to voluntarily dismiss the same, the Stevens' counsel objected to the motion on the grounds that it was served after the dispositive motion deadline. At the Court's request, Brookdale Dodge withdrew its motion for summary judgment and subsequently filed the immediate motion to extend the dispositive motion deadline so that this legal issue could be resolved.

In *Lieske*, the dispositive motion deadline expired on December 1, 2001. Prior to the deadline in *Lieske*, Morrie's filed a motion for summary judgment on Lieske's state law claims. Morries did not file a motion for summary judgment on Lieske's "estimates" or "timing" claims under the TILA. Morries did not file a motion on the TILA claims because counsel for the parties in the *Lieske* case had already briefed (extensively so) and argued the exact same legal issues in three other cases. *See*, *e.g.*, *Peter v. Village Imports Co.*, 2001 WL 1640130 (D. Minn. Oct. 9, 2001) (Doty, J.) (dismissing "timing" claim); *Vang v. Morrie's Minnetonka Ford*, unpublished decision, 2001 WL 1589614 (D. Minn. Dec. 11, 2001) (Frank, J.) (dismissing "timing" and "estimates" claims); *Stevens v. Brookdale Dodge, Inc.*, 2002 WL 31941158 (D. Minn. Dec. 27, 2002) (Erickson, J.) (dismissing "timing" claim). Although these decisions are not "binding" on *Lieske*, one could reasonably assume that if the identical claims were briefed and resolved by the same Court in three other cases (unfavorably to the plaintiffs), the plaintiff in the fourth case would give some weight to those decisions, rather than requiring that more time, effort, expense and judicial resources be exhausted.

Defendants submit that they satisfy the requisite "good cause" and "extraordinary circumstances" to justify allowing an amendment to the Court's Pretrial Scheduling Orders pursuant to Local Rule 16.3(c) and Fed.R.Civ.P. 16(b).

First, while Morries' counsel's reasonable assumption in the *Lieske* case (i.e., that Lieske and his counsel would give weight to the decisions that were rendered in the other cases and voluntary dismiss the TILA claims if the federal court ruled unfavorably to the plaintiffs in the other cases) may not, by itself, be a sufficient reason to extend the dispositive motion deadline to allow Morries to pursue a summary judgment motion on the "timing" and "estimates" claims, in *Stevens*, the parties had briefed the "estimates" claim prior to the expiration of the dispositive motion deadline, but the motion hearing was not scheduled to be heard until approximately two months after the expiration of the deadline and Magistrate Judge Nelson's R&R – wherein the Magistate declined to rule on the claim – was issued four months after the expiration of the deadline. This, standing alone, should be sufficient to establish "good cause" for extending the dispositive motion deadline in favor of Brookdale Dodge.

Second, the TILA claims in both cases involve pure legal issues that must be resolved by the Court at some time, Defendants' counsel has already prepared its motion papers, and Plaintiffs' counsel has already briefed the exact same claims in several other cases. While Plaintiffs' counsel is apparently interested in prolonging the inevitable resolution by the Court, it makes sound efficient, economical and judicial sense for the Court to rule on the issues now, rather than having these cases congest the Court's trial calendar and exhaust further judicial resources only to have them resolved at trial by the Court.

The case of *Eischeid v. Dover Const., Inc.*, 217 F.R.D. 448 (N.D. Iowa 2003) is instructive. The court stated:

> [T]he court could be persuaded that "good cause" exists for extending a dispositive motion deadline where the proffered dispositive motion presents *legal* issues that the court would inevitably have to decide either prior to or in the course of trial. In those circumstances, a well-founded summary judgment motion might present the most

> efficient method for addressing the legal issues presented, the fairest opportunity for all parties to be heard on those issues, and, ultimately, make possible a smoother, more coherent, and briefer presentation of the case to a jury. * * * Moreover, where the issues raised in the belated motion must inevitably be addressed by the court either prior to or in the course of trial, the opposing party cannot claim prejudice where consideration of the otherwise untimely motion presenting those issues actually gives the opposing party the opportunity to litigate those issues fully and fairly.

*Id.* at 455.

Finally, while Plaintiffs' counsel correctly pointed out to Chief Magistrate Judge Lebedoff that courts do not generally consider the merits of the underlying claim in determining whether "good cause" exists to extend a Scheduling Order deadline, here, there is not even a real question about the merits. The exact same claims that are asserted in these two cases have rejected by the United States District Court for the District of Minnesota on four occasions. *See*, *Peter*, *Vang*, *Stevens*, and *Malchow*. Plaintiffs have not, and cannot, cite the Court to a single case from any jurisdiction that supports their "estimates" claim and with the exception of one case from the Fourth Circuit Court of Appeals (which has subsequently been distinguished by the same Circuit), cannot point to a single case from any other jurisdiction that supports their timing claim. The claims lack all merit and, from a practical and economic perspective, it makes little sense for the Defendants (who have already briefed the issues) to incur any more time and expense than would be required to attend a single, consolidated summary judgment motion hearing to have both cases addressed by the Court.[6]

[6]Assuming opposing counsel and the Court agreed, the Defendant dealerships would no doubt be willing to simply present the motions to the Court on the papers without the need for oral argument.

## III. CONCLUSION

Based upon the foregoing, and the Court's respective files, records and proceedings herein, Defendants respectfully request that the Court set aside the rulings of Chief Magistrate Judge Jonathan Lebedoff as being clearly erroneous and contrary to law and issue an Order allowing each Defendant to serve and file the summary judgment motions that were attached as Exhibits 1 to the Affidavit of Gregory J. Johnson, previously filed with the Court in each respective matter.

Respectfully submitted,

Dated this 2nd day of July, 2004.

**JOHNSON • PROVO-PETERSEN, LLP**

s/Gregory J. Johnson
Gregory J. Johnson, Attorney Bar No. 202678
Attorneys for Defendants
332 Minnesota Street, Suite West 975
St. Paul, MN 55101
Telephone: (651) 227-2534
Facsimile: (651) 297-6226